UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWSON SCREEN PRODUCTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10CV1179 CDP |
| NOR-COTE INTERNATIONAL, INC., | ) ) ) ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on defendant's motion to transfer this action to the Southern District of Indiana on the eve of the preliminary injunction hearing set for November 22, 2010. The motion will be denied.

Defendant first makes a perfunctory argument that this Court lacks personal jurisdiction over it. Lack of personal jurisdiction is a personal defense that is waived unless timely asserted. Carlson v. Hyundai Motor Co., 164 F.3d 1160, 1163 (8th Cir. 1999). To preserve an objection to jurisdiction over the person under the Federal Rules of Civil Procedure, defendant must either assert the defense in its answer or in a pre-answer Rule 12 motion. Fed. R. Civ. P. 12(h)(1). Failure to include an objection to personal jurisdiction in either the defendant's answer or a previous Rule 12 motion waives the underlying defense. See id.; see

also Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990). Defendant did not file a Rule 12 motion, and a review of the defendant's answer reveals that it has not raised lack of personal jurisdiction as an affirmative defense. Accordingly, I find that defendant has waived any objection to personal jurisdiction.

Defendant moves to transfer this action to the Southern District of Indiana under § 1404, which permits the Court in the interests of justice to transfer a civil action to another district where it might have been brought for the convenience of the parties and witnesses.[1] 28 U.S.C. § 1404(a). Although the statute enumerates three categories to consider when making this determination (i.e., the convenience of the parties, the convenience of the witnesses and the interests of justice), "a motion to transfer . . . calls on the district court to weigh in the balance a number of case-specific factors." Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). In addition to the statutory factors, the Court may also

---

[1]"Defendant's waiver of his personal jurisdiction argument would not appear to foreclose a motion to transfer venue under 28 U.S.C. § 1404(a) . . . ." Stockdale v. Stockdale, 2009 WL 3164422, *1 (E.D. Mo. Sept. 25, 2009) (citing James v. Norfolk & W. Ry. Co., 430 F. Supp. 1317, 1319 n. 1 (S.D. Ohio 1976) ("A motion to transfer venue under § 1404(a) is not a Rule 12(b)(3) motion and is not governed by the waiver provisions of Rule 12(h).")); see also Red Wing Shoe Co., Inc. v.. B-Jays USA, Inc., 2002 WL 1398538, at *2 (D. Minn. June 26, 2002) ("A motion to transfer venue for the convenience of parties or witnesses or in the interests of justice, brought pursuant to 28 U.S.C. § 1404(a), is not a motion under 12(b)(3) of the Federal Rules of Civil Procedure, so the waiver provision of Rule 12(h) is inapplicable."); 17 James Wm. Moore, et al., Moore's Federal Practice, § 111.18 (3d ed. 2009).

consider:

> the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if transfer is granted, and the practical considerations indicating where the case can be tried more expeditiously and inexpensively.

Fibra-Steel, Inc. v. Astoria Industries, Inc., 708 F. Supp. 255, 257 (E.D. Mo. 1989). "In making a § 1404(a) analysis, a plaintiff's choice of proper forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." General Committee of Adjustment GO-386 v. Burlington Northern R.R., 895 F. Supp. 249, 252 (E.D. Mo. 1995). Merely shifting the burden of inconvenience and cost from one party to another is not a sufficient reason to grant a transfer, so a plaintiff's choice of forum should be left undisturbed unless the balance of factors weighs heavily in defendant's favor. Id.

Defendant contends that this case should be transferred to Indiana because it is an Indiana corporation and because a "substantial part of the alleged events or omissions giving rise" to plaintiff's claims occurred there. Yet defendant's barebones motion falls far short of demonstrating that transfer is appropriate in this case.

### Convenience of the Parties

I find that the first statutory factor, the convenience of the parties, weighs in favor of the plaintiff. Under the Eighth Circuit's analysis in Terra International, 119 F.3d at 695, the plaintiff's choice of forum is entitled to considerable deference. Here, plaintiff is a Missouri corporation and has chosen to litigate in its home forum. Although defendant is an Indiana corporation, it admits that it transacted business in Missouri and for that reason is only marginally inconvenienced by litigating in this forum. I find that this factor weighs in favor of plaintiffs.

### Convenience of the Witnesses

Of far more importance to this analysis than the convenience of the parties however, is the convenience of the witnesses, especially non-party witnesses. May Department Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995). When analyzing this factor, I must consider the court's ability to subpoena non-party or unwilling witnesses to testify and produce documents. Fibra-Steel, Inc., 708 F. Supp. at 257. Sheer numbers alone do not accurately reflect the full extent of the witness convenience factor. Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 928 (W.D. Mo. 1985). The Court must also consider the nature and quality of the testimony. Id. Here, defendant offers nothing to demonstrate that this case

should be transferred to the Southern District of Indiana, other than the unsupported assertion that "the majority of the individuals with relevant knowledge of the most significant issues reside in Indiana . . . ." Yet these witnesses apparently work for defendant, and as such are not non-party witnesses. Defendant's motion does not identify a single, non-party witness whose testimony would be material to this dispute and who would be beyond the subpoena power of this Court. Moreover, the Court is at a loss to understand why defendant argues that the dispute has no connection to this forum. The complaint alleges that plaintiff sold defendant's products to its Missouri customers, that defendant came to Missouri to meet plaintiff's customers, that in some cases defendant shipped its product directly to plaintiff's Missouri customers, that defendant stole plaintiff's Missouri customers, and that defendant then made defamatory statements about plaintiff to its Missouri customers. Defendant has presented the Court with no evidence that, under these circumstances, the convenience of the witnesses would be served if this case were transferred to Indiana. Moreover, the Court is not persuaded to transfer this case merely to avoid the need for defendant's counsel to travel to Missouri.[2]

---

[2] The Court notes that defendant has local counsel.

### Interests of Justice

Again, defendant has submitted no evidence demonstrating that the interests of justice weigh in favor of granting the motion to transfer.  This forum has an interest in adjudicating this dispute, and the mere fact that defendant is an Indiana corporation being represented by an Indiana law firm is not sufficient to tip the balance in favor of transfer.

### Non-Statutory Considerations

I have also reviewed the relevant non-statutory factors to determine whether this case should be transferred. These factors include: the location and accessibility of documents and relative ease of access to proof; the location of the complained-of conduct; and the applicable substantive law.  See Terra International, 119 F.3d at 696.   As for the location and accessibility of documents, defendant argues that its documents are located in Indiana.  I do not find the location of the parties' documents to be particularly persuasive in my analysis, however, because the parties will be required to produce their own relevant documents wherever the case is tried.  Again, defendant has identified no non-party witnesses with documents relevant to this dispute.

From the allegations in the complaint, the location of the complained-of conduct favors the denial of transfer.  Although defendant argues otherwise, it has

offered no evidence that the allegations of the complaint do not establish a significant connection to this forum.

Finally, defendant argues that Indiana law applies to this dispute, although it does not explain why, other than to argue that an agreement it contends does not apply contains an Indiana choice of law provision. However, defendant does not provide this agreement to the Court, and it is apparently a disputed issue whether this agreement will even apply in this case. Under these circumstances, I cannot find that defendant has demonstrated that the balance of factors weighs in favor of transfer.

For these reasons,

**IT IS HEREBY ORDERED** that the motion to transfer [#23] is denied.

                                    _____
                                    CATHERINE D. PERRY
                                    UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2010.